**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 3:24-cr-171 |
| Amire J. Logan, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Amire Logan is charged with two counts of possession of a firearm by a convicted felon, one count of possession of a firearm by a drug user or addict, and one count of possession of a firearm with an obliterated serial number. Doc. 1. He moves to dismiss. Logan argues his juvenile adjudications are not convictions under North Dakota law, certain counts are duplicative, and the indictment fails to allege all essential elements of possession of a firearm with an obliterated serial number. Doc. 17.

Logan is charged in counts one and three with possession of a firearm by a "convicted" felon. See 18 U.S.C. § 922(g)(1). The indictment identifies those "convictions" as juvenile adjudications that would be felonies if Logan were an adult at the time of the offense. See Doc. 1, p. 1. Logan, though, argues juvenile adjudications are not "convictions" for purposes of 18 U.S.C. § 922(g)(1).

Section 922(g)(1) prohibits possession of a firearm by someone "convicted" of a crime "punishable by imprisonment for a term exceeding one year." See 18 U.S.C. § 922(g)(1). Congress left the definition of "conviction" to "the law of the jurisdiction in which the proceedings were held." See 18 U.S.C. § 921(a)(20). So, in this case, the question of "whether a juvenile adjudication is a conviction" is a question of state law. See United States v. Walters, 359 F.3d 340, 344 (4th

Cir. 2004). And because whether a "juvenile adjudication may serve as the predicate" for § 922(g)(1) is often a question of state law, there is "not . . . a uniform answer" across federal courts. See United States v. Mendez, 765 F.3d 950, 952 (9th Cir. 2014). The parties, for example, each rely on a different case interpreting a particular state's law: Logan cites the Fourth Circuit's decision in Walters analyzing Virginia's law, while the United States cites the Ninth Circuit's decision in Mendez analyzing Washington's law.[1]

The Fourth Circuit found Virginia did not treat juvenile adjudications as convictions. Walters, 359 F.3d 340. A minor could be tried as "a juvenile or as an adult," and a juvenile adjudicated delinquent faced "qualitatively different consequences" than an adult convicted of a crime. Id. at 345. And although Virginia treated juvenile adjudications as convictions for some collateral consequences—including the state's firearm prohibitions—the exceptions proved the rule; the Fourth Circuit found the fact that "an adjudication is treated as a conviction in specific circumstances implies that it is not so treated as a general rule." Id. at 346. So, it concluded "a juvenile adjudication cannot be the underlying conviction which subjects a person to penalty under § 922(g)(1)." Id.

The Ninth Circuit came to a different conclusion when it looked at Washington state law. Mendez, 765 F.3d 950. Washington distinguished juveniles from adults, but the distinction was "limited in scope": when a minor reached adulthood their "juvenile adjudications may . . . be treated as convictions" for purposes of sentencing, criminal history, and other collateral consequences, including the state's firearm prohibitions. Id. at 952. The Ninth Circuit held that,

---

[1] The parties do not cite, and the Court was unable to find, an Eighth Circuit decision that considered this issue.

unlike Virginia, Washington's "general rule" is to treat juvenile adjudications as convictions "once a defendant enters the adult criminal justice system." Id. at 953 (citing Walters, 359 F.3d at 346).

Both circuits framed the question as whether a state's "general rule" is to treat juvenile adjudications as convictions. See Mendez, 765 F.3d at 953; Walters, 359 F.3d at 346. Here, North Dakota's Juvenile Court Act provides that an "[o]rder of disposition or other adjudication . . . is not a conviction of crime," and a juvenile adjudication "does not impose any civil disability ordinarily resulting from a conviction" N.D. Cent. Code § 27-20.2-16 (1). Nor may "[a] child may . . . be committed or transferred to a penal institution . . . used primarily for the execution of sentences of individuals convicted of a crime." N.D. Cent. Code § 27-20.2-16 (2). What is more, "[t]he . . . evidence adduced in a hearing in juvenile court may not be used against the child in any proceeding in any court other than a juvenile court, whether before or after reaching majority, except for impeachment or in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report." Id.

But there are exceptions. In Moses v. State, the North Dakota Supreme Court held a juvenile adjudication should be treated as a "conviction" for purposes of the state's firearm prohibitions. 2022 ND 208, ¶ 3, 982 N.W.2d 321, 324. North Dakota's statute is similar to its federal counterpart. It prohibits a person "convicted" of a felony from possessing a firearm, but the difference lies in the definitions: North Dakota's statute defines "conviction" to mean a finding of guilt "even though" the offender "was subject to juvenile adjudication." N.D. Cent. Code § 62.1-02-01(1)-(2)(f). Moses argued a juvenile adjudication was not a "finding of guilt," but the North Dakota Supreme Court rejected that argument. It relied, in part, on Mendez, referring to Washington and North Dakota's statutes as "similar," and the Ninth Circuit's reasoning as "persuasive." See Moses, 2022 ND at ¶ 3, 982 N.W.2d at 327 (citing Mendez, 765 F.3d at 953).

Still, there are reasons to think North Dakota differs from Washington. In Woolsey v. State, a juvenile applied for relief under North Dakota's postconviction statute. 2024 ND 184, ¶ 4, 11 N.W.3d 872, 873. But the North Dakota Supreme held those procedures do not apply to a juvenile adjudication because of "the general rule that a juvenile adjudication is not a conviction of crime," and its holding in Moses recognized only "an exception to the general rule." Id. at 873 (citing Moses, 2022 ND at ¶ 10, 982 N.W.2d at 321). Indeed, in general, North Dakota's law holds that a juvenile adjudication should not be used against a minor in another court "before or after reaching majority," see N.D. Cent. Code § 27-20.2-16(2), but Washington allows juvenile adjudications to be treated as convictions of crime "[a]fter reaching adulthood." See Mendez, 765 F.3d at 952.[2]

Despite their different outcomes, both the Fourth Circuit and the Ninth Circuit asked whether a state's "general rule" is to treat a juvenile adjudication as a conviction. See Mendez, 765 F.3d at 953; see Walters, 359 F.3d at 346. And the North Dakota Supreme Court has provided an answer: "the general rule [is] that a juvenile adjudication is not a conviction of crime." See Woolsey, 11 N.W.3d at 873. The North Dakota Supreme Court also recognized the state's treatment of juvenile adjudication as convictions for its firearm prohibitions is an "exception" to that general rule. See id. And the Fourth Circuit came to the same conclusion when it looked at Virginia's law. See Walters, 359 F.3d at 346 ("That an adjudication is treated as a conviction in specific circumstances implies that it is not so treated as a general rule."). It is also questionable whether Logan's juvenile adjudications are offenses punishable by imprisonment for a term exceeding one year because in North Dakota a juvenile "may not be committed or transferred to a

---

[2] Additionally, Logan cites to a swath of North Dakota law that permits sentencing enhancements for prior convictions but not juvenile adjudications. See e.g., N.D. Cent. Code § 19-03.1-23 (drug possession); N.D. Cent. Code § 12.1-32-09 (habitual offender); N.D. Cent. Code § 39-08-01 (driving under the influence).

penal institution . . . used primarily for the execution of sentences of individuals convicted of a crime." N.D. Cent. Code § 27-20.2-16(2). Because North Dakota does not treat juvenile adjudications as convictions as a general rule, Logan's juvenile adjudications cannot serve as predicates for § 922(g)(1). Counts one and three are dismissed.

Logan next argues the counts that allege possession of a firearm by a drug user or addict under § 922(g)(3) are duplicative of the counts that allege possession of a firearm by a convicted felon in violation of § 922(g)(1). See e.g., United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) ("Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition."). But this argument need not be considered because the possession by a convicted felon counts are dismissed.

Lastly, Logan argues count five—possession of a firearm with an obliterated serial number under § 922(k)—fails to allege all the essential elements. "An indictment is normally sufficient if its language tracks the statutory language." United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008). The indictment, Logan acknowledges (Doc. 17, p. 11), "recites" the statutory language of § 922(k):

On or about September 24, 2024, in the District of North Dakota,

Amire J. Logan, a/k/a Jveonte Logan, a/k/a J, a/k/a JV,

Knowingly possessed a firearm, namely, Taurus, Model G2c, 9mm pistol, which had the manufacture's serial number removed, obliterated, and altered, and which had been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(k), 924(a)(1)(B), and 2.

Doc. 1 (formatting altered). But courts have interpreted § 922(k)'s language to mean a defendant must be "aware that the serial number on that firearm had been removed or obliterated," United

States v. King, 230 F.3d 1364 (8th Cir. 2000), and Logan argues the indictment is missing that "court-determined" scienter. See Doc. 17, p. 11.

In a similar context, the Eighth Circuit held an indictment that tracks statutory language is sufficient even if an element is "added" through interpretation. In Rehaif v. United States, the Supreme Court interpreted § 922(g) to require the United States to prove a defendant knew "that he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. 237 (2019). Still, after the court-determined scienter was "added" in Rehaif, the Eighth Circuit found indictments that "closely followed the language" of § 922(g) were sufficient. See United States v. Perkins, No. 18-00076-01-CR, 2022 WL 278388, at *5 (W.D. Mo. Jan. 14, 2022) (collecting cases). To take one example, in United States v. Gurley, a defendant argued the indictment against him failed to allege he knew of his prohibited status, but the Eighth Circuit rejected his argument, simply noting that the "language of his indictment closely followed the language of § 922(g)(1)," and he was thus "sufficiently charged." 803 F. App'x 988, 989 (8th Cir. 2020).

So too here. Because the indictment against Logan "tracks the statutory language" of § 922(k), it is "sufficient." See Perkins, 2022 WL 278388, at *4. This result regarding the indictment's sufficiency is compelled by Eighth Circuit precedent, but, of course, it does not "obviate the Government's requirement to prove Defendant's knowledge" of the serial number's condition, which remains an essential element. Id. For those reasons, Logan's motion with respect to count five is denied.

Logan's juvenile adjudications cannot serve as predicates for § 922(g)(1). So, counts one and three are dismissed. Because those counts are dismissed, Logan's argument that counts two and four are duplicative need not be considered. Finally, the indictment is sufficient with respect

to count five because it tracks the statutory language of § 922(k). For those reasons, Logan's motion (Doc. 17) is **GRANTED IN PART AND DENIED IN PART**.

   **IT IS SO ORDERED**.

   Dated this 24th day of January, 2025.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court